IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30847
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON AUGUSTUS, also known as
ERIC AUGUSTUS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 96-CR-9
- - - - - - - - - -
November 24, 1997

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Aaron Augustus appeals his sentence for his guilty plea conviction for various drug-related crimes and his jury conviction for carrying a firearm during a drug trafficking offense.  Augustus argues that the district court erred in denying him a three-level reduction for acceptance of responsibility based on his falsely denying possession of a firearm.  To support his argument, Augustus contends that various sections of the U.S. Sentencing Guidelines implicitly prohibit

_____

   [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court from considering any relevant conduct related to his 18 U.S.C. § 924(c)(1) for purposes of determining whether he accepted responsibility for his drug convictions. Augustus's arguments are unpersuasive. Because Augustus did not object to the denial of reduction for acceptance of responsibility on the foregoing grounds, we review for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)(citing United States v. Olano, 507 U.S. 725, 731-37 ( 1993 )), cert. denied, 513 U.S. 1196 (1995).

Inasmuch as Augustus's denial that he was responsible for the two kilograms of cocaine seized by Texas authorities would solely support the district court's determination that he was not entitled to a reduction for acceptance of responsibility the district court did not commit plain error. Further, because the law is not clear regarding whether the district court may consider acts giving rise to a 18 U.S.C. § 924(c)(1) conviction as relevant conduct for purposes of denying a downward adjustment for acceptance of responsibility on a drug trafficking conviction, "any error on the part of the trial court could not be plain." See Calverley, 37 F.3d at 165.

AFFIRMED.